NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK J. PERSON, | : Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | : Civil Case No. 12-2293 (FSH) (JBC) |
| v. | : **OPINION AND ORDER** |
| TEAMSTERS LOCAL UNION 863, et al., | : Date: October 16, 2013 |
| Defendants. | : |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant Woodbridge Logistics' Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted (Docket No. 36) pursuant to FED. R. CIV. P. 12(b)(6). The Court has reviewed the submissions of the parties and considers the motions without oral argument pursuant to FED. R. CIV. P. 78.

**I.  BACKGROUND**

Plaintiff Frank Person, a member of Teamsters Local Union 863 for more than forty years, was employed as a pallet sorter for Woodbridge Logistics, Inc. ("Woodbridge") from 1996

to 2011.[1]  On February 5, 2011, the Woodbridge facility closed its New Jersey location and all employees were laid off.  After the plant closed, the Union and Woodbridge agreed upon the terms of a Shutdown Agreement.  As an employee with over 30 years of experience, the Agreement offered Mr. Person "separation monies, benefits" and five years of medical insurance coverage.[2]  The severance benefits were contingent upon his agreement to the terms of a release, which provided that he would waive his right to sue Defendant Woodbridge.  Person did not agree to the waiver: "Plaintiff agreed to execute his documentation but not waive all his rights."  Since that time, Woodbridge allegedly provided Mr. Person with lesser benefits than offered under the Shutdown Agreement.  He asserts that Defendant did not provide him with health coverage.

On April 17, 2012, Plaintiff filed a Complaint against Defendant Teamsters Local Union 863, Local 863 Pension Fund, Teamsters Local 863 Health and Welfare Fund (collectively "Teamster Defendants"), and Defendant Woodbridge.  The Complaint set forth seven causes of action: (1) violation of fiduciary duty under 29 U.S.C. § 1001B of the Employee Retirement Income Security Act ("ERISA"); (2) fraud and misrepresentation; (3) mistake; (4) undue influence; (5) breach of contract; (6) race and age discrimination under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-12, et seq.; and (7) retaliation under the NJLAD.

Although Plaintiff's Complaint primarily asserts ERISA claims against the Teamster

---

[1] The facts are taken from the allegations in the Complaint, which the Court must accept as true for the purposes of a motion to dismiss.  *See Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 457 (3d Cir. 2003).

[2] In the Complaint, Plaintiff states $18,247 as the amount owed to him for breach of contract, but because he combines his breach of contract claims against the Union regarding his pension and his claims against Woodbridge for benefits under the Shutdown Agreement, it is unclear whether this sum refers to the money Woodbridge allegedly owed as severance benefits or is related to his pension claims against the Teamster Defendants.

Defendants arising out of his pension benefits, as against Defendant Woodbridge, he asserts several state law claims for failure to provide him with a lump sum severance payment under the Shutdown Agreement. Woodbridge moved to dismiss these claims on January 11, 2013.

**II. STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)); see also *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949 (internal quotations and alterations omitted).

### III. DISCUSSION

#### a. Unopposed Claims

Defendant Woodbridge argues that Counts I through IV allege wrongdoing by the Teamster Defendants only, and are not applicable to Woodbridge. Plaintiff, in his Opposition to Defendant's Motion to Dismiss, does not contest this, and instead argues that the remaining counts, Count V, breach of contract, and Count VI and VII, age discrimination under NJLAD, apply to Woodbridge. Failure to raise legal arguments in opposition to a motion to dismiss results in waiver. *Milner v. Bayada Nurses, Inc.*, Civ. No. 05-3164 2006 WL 231993 (D.N.J. Jan. 30, 2006) (citing *Farnham v. Windle*, 918 F.2d 47, 51 (7th Cir. 1990); *Hollister v. U.S. Postal Service,* 142 F. App'x 576, 577 (3d Cir. 2005) (noting that where party, represented by an attorney, does not submit responsive arguments to a motion to dismiss, the motion may be deemed unopposed, and the court may grant it without analysis of the merits). Counts I through IV claim that Union representatives, not Woodbridge, allegedly failed to negotiate on Plaintiff's behalf and allegedly made misrepresentations regarding his pension. Thus, as against Woodbridge, Counts I through IV are dismissed.

#### b. Benefits Under the Shutdown Agreement

Count V of the Complaint, "Breach of Contract," alleges a state law claim against Woodbridge for severance pay under the Shutdown Agreement. After Woodbridge's New Jersey facility closed, Plaintiff's Union negotiated the Shutdown Agreement, which provided for a lump sum severance payment for employees based on the number of years they were employed. Plaintiff, however, admits that he refused to agree to the terms of the Shutdown Agreement because it required waiving the right to sue Woodbridge: "Person was almost coerced into

thinking that he had to sign the Shutdown Agreement, but he did not want to waive all his rights and remedies." (Compl. ¶ 147).  To assert a breach of contract under New Jersey law, Plaintiff must establish that a valid contract existed, such that both parties assented to the terms of the agreement.  *See Cohn v. Fisher*, 118 N.J. Super. 286, 291, 287 A.2d 222, 224 (N.J. App. Div. 1972) ("The essentials of a valid contract are: mutual assent, consideration, legality of object, capacity of the parties and formality of memorialization.").  Here, on the face of the Complaint, Plaintiff has not alleged any facts indicating that he and Woodbridge were bound to honor the terms of the Shutdown Agreement.  Nor has he identified any legal authority to indicate his entitlement to recover under an agreement he rejected.  *See Smith v. Cavalier Builders, Inc.*, No. 06-227, 2008 WL 819960, *4 (D.N.J. Mar. 25, 2008) (dismissing Complaint because "Plaintiffs have provided no argument that [defendant], a non-signatory to the contract … can be liable for breach of the contract terms.").

**c. Benefits Under the Collective Bargaining Agreement**

In his Opposition Brief, Plaintiff argues that, even if he is not entitled to benefits under the Shutdown Agreement, he should be entitled to benefits under an earlier Collective Bargaining Agreement ("CBA").  Plaintiff did not assert his right to benefits under the CBA in the Complaint, nor did he ever mention the CBA.  Plaintiff later attempted to amend his Complaint to include this claim, but his motion to amend was denied by then Magistrate Judge Shwartz.[3]   Plaintiff never appealed that ruling to this Court and he may not now attempt to

---

[3] Plaintiff requested leave to amend his Complaint on Jan. 8, 2013 to add a claim that he was entitled to severance benefits under a separate document, the CBA.  By affidavit, Person claims that from 1996 to 2010 the CBA offered employees with his level of experience a severance package of either $45,000 or $25,000 plus five years of health insurance.  But in exhibits he attached to his affidavit, it states that the CBA would expire on Feb. 5, 2011, and that claiming benefits required written election of retirement before that date the agreement expired.  In his Complaint, Mr. Person acknowledges that he did not elect retirement but was laid off when the facility closed. On Jan. 17, 2013,

effectuate that amendment through statements made in his opposition brief, particularly where employed as an attempt to circumvent the unappealed Order denying amendment. *See* FED. R. CIV. P. 15(a); *Foy v. Wakefern Food Corp.*, No. 09-1683, 2010 WL 147925, *5 (D.N.J. Jan. 7, 2010) (citing *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 181 (3d Cir. 1988) ("the legal theories set forth in [Plaintiff's] brief are helpful only to the extent that they find support in the allegations set forth in the complaint. '[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'")).

### c. NJLAD Claims

As to the remaining counts under NJLAD, Count VI alleges race and age discrimination, and Count VII alleges retaliation.  Neither the Complaint nor Plaintiff's Opposition Brief states what discriminatory or retaliatory conduct Woodbridge allegedly committed.  It appears that Plaintiff's complaint is that he was denied the enhanced severance package under the Shutdown Agreement, while other members who signed the Shutdown Agreement were provided benefits.

In an age discrimination claim under NJLAD, a plaintiff must show that "(1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position." *Sarullo v. United States Postal Service*, 352 F.3d 789, 797 & n.6 (3d Cir. 2003).

---

then Magistrate Judge Shwartz denied Plaintiff's request to amend the complaint due to a lack of diligence and because the timing suggested merely a "change in litigation strategy" after he retained a new attorney, and not newly discovered or overlooked information. (Docket No. 37).  This ruling was not appealed.

6

Here, Plaintiff claims age discrimination, stating that "there was no other older Member/Employee intentionally mistreated like him, or being so ignored despite his dedicated service and contribution" and that this is "disparate and then retaliatory treatment under the New Jersey LAD., N.J.S.A. 10:5-12(d) despite the pretext of no mandatory retirement age." Yet he notes that other employees over age 65 received payment under the Shutdown Agreement. (Compl. ¶ 100). No other facts pled in the Complaint indicate that he was denied the benefits of the Shutdown Agreement because of his age.[4]  Instead, he alleges that he was offered the Shutdown Agreement like all other union employees still working at Woodbridge, that he refused to sign the liability waiver, and then concludes that Woodbridge discriminated against him by refusing to provide Shutdown Agreement benefits absent his submission of a signed waiver.  He states that "Plaintiff has reserved all his claims, rights and remedies against Defendants, but nothing has been done so he can be part of the Shutdown Agreement, like other members of his Local 863 without waiving his rights." (Compl. ¶ 127). Thus, the Complaint fails to provide any facts or detail showing circumstances that would indicate age discrimination. Under the pleading requirements, a bare assertion that a defendant's employment action was based on age discrimination is insufficient to survive a motion to dismiss. *Foy v. Wakefern Food Corp.*, No. 09-1683, 2010 WL 147925, *4 (D.N.J. Jan. 7, 2010). Here, Plaintiff has pled no facts to indicate that his employer denied him benefits under the Shutdown Agreement for any reason other than his failure to sign the Shutdown Agreement.

A plaintiff claiming retaliation must allege that "(1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between

---

[4] He does, however, allege that his pension was incorrectly calculated because of his age, a claim against the Teamster Defendants, not Woodbridge.

the protected activity and the adverse employment action." *Ogunbayo v. Hertz Corp.*, No. 13-2297, 2013 WL 4779618, *1-2 (3d Cir. Sept. 9, 2013) (citing N.J.S.A. 10:5–12(d)); *see also Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000). Similarly, Plaintiff has pled no facts indicating he engaged in a protected activity nor stated any connection between his age or race and benefits under the Shutdown Agreement. Thus, Counts VI and VII are dismissed as against Woodbridge because they are not "sufficient to show that the plaintiff has a plausible claim for relief." *UPMC Shadyside,* 578 F.3d at 210–11 (internal citations and quotations omitted).[5]

**d. Request for Fees**

Woodbridge also requests, without any analysis, that this Court award attorneys' fees. Under NJLAD, the prevailing party may be entitled to attorneys' fees in the court's discretion. *See Stefanoni v. Bd. Of Chosen Freeholders Cnty. of Burlington*, 180 F. Supp. 2d 623, 627 (D.N.J. 2002) *aff'd sub nom. Stefanoni v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 65 F. App'x 783 (3d Cir. 2003); N.J.S.A. 10:5-27.1 ("In any action or proceeding brought under this act, the prevailing party may be awarded a reasonable attorney's fee as part of the cost, provided however, that no attorney's fee shall be awarded to the respondent unless there is a determination that the charge was brought in bad faith."). Defendant does not identify any instances of bad faith by Plaintiff. The request is denied.

---

[5] Although not in the Complaint, Plaintiff appears to allege another new claim in his Opposition Brief: that his employer, Defendant Woodbridge, had an obligation to ensure that Plaintiff was a member of the Union's Negotiation Committee, which negotiated the Shutdown Agreement between the Union and the employer. In deciding this motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6), the Court is limited to examining the pleadings, and therefore need not address this issue. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir.1988) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir.1984)).

## IV. CONCLUSION & ORDER

For the reasons stated above;

**IT IS** on this 16th day of October 2013,

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED**; and it is further

**ORDERED** that Defendant Woodbridge is **DISMISSED** as a Defendant in this action; and it is further;

**ORDERED** that Defendant Woodbridge's request for fees is **DENIED**.


        **/s/ Faith S. Hochberg**
        **Hon. Faith S. Hochberg, U.S.D.J.**